IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PEDRO ORTIZ-SANTIAGO,

    Plaintiff,

    v.

ZOIME ALVAREZ-RUBIO, ET AL.,

    Defendants.

**Civil No. 11-1087 (SEC)**

ADELA JOUBERT-VAZQUEZ, ET AL.,

    Plaintiffs,

    v.

ZOIME ALVAREZ-RUBIO, ET AL.,

    Defendants.

**Civil No. 11-1194 (SEC)**

**OPINION AND ORDER**

Before the Court are the plaintiffs' motion for reconsideration, Docket # 190, and the defendants' opposition thereto. Docket # 192.[1] After reviewing the filings and the applicable law, the plaintiffs' motion is **DENIED**.

**Factual and Procedural Background**

Sixty-one employees (collectively, Plaintiffs) of the Puerto Rico State Insurance Fund Corporation (SIFC), who were demoted from career managerial positions, filed this § 1983 political discrimination action, mustering claims under the Equal Protection Clause, the Due

---

[1] Although the plaintiffs requested (and were granted) leave to file a reply, Docket # 194, they never formally docketed it, thus violating the order requiring that "[t]he reply . . . be filed as a separate docket entry on or before 10/15/2014." Id.; see Grajales v. Puerto Rico Ports Auth., 682 F.3d 40, 45 (1st Cir. 2012) ("Although the proposed second amended complaint . . . was attached to the motion for leave to amend, it was not formally docketed . . . ."). The plaintiffs' reply is thus not before the Court; but even if it were, the same result would obtain.

Process Clause, and the Contract Clause, as well as pendent local-law claims. At the pleading stage, the Court dismissed the claims under the Due Process and Contract Clauses. Joubert-Vázquez v. Alvarez-Rubio, 820 F. Supp. 2d 289 (D.P.R. 2011). Then, at the summary-judgment phase, the remaining selective-enforcement claims under the Equal Protection Clause were jettisoned, and the Court declined to exercise jurisdiction over the pendent local-law claims. Ortiz-Santiago v. Alvarez Rubio, No. 11-1194, 2014 WL 1230099 (D.P.R. Mar. 14, 2014).

A detailed account of the underlying facts is limned in the March 14, 2014 opinion. For present purposes, however, it suffices to say that the Court granted the defendants' summary-judgment motion, holding that Plaintiffs had failed to substantiate their Equal Protection claim:

> A careful review of the record shows that none of the individuals appointed prior to 2001 may be considered as similarly situated to Plaintiffs in all relevant aspects. . . . [E]ven if they were indeed similarly situated . . . there is no basis in the record for the Court to determine that they were singled . . . out for unlawful oppression.

Id. at *4-6 (quoting Rubinovitz v. Rogato, 60 F.3d 906, 909-10 (1st Cir. 1995) (internal quotations marks omitted)). Judgment thus entered, disposing of this case. Docket # 188.

Plaintiffs now move for reconsideration, contending that the issue of their being similarly situated to the pre-2001 employees hinges not on the nature of their previous job classification, but, rather, on the fact that they obtained such managerial positions through closed-job announcements, which violated the merit principle. "[T]he pre-2001 appointees," goes the argument, "were similarly situated to the plaintiff in the sense that they attained career positions . . . in violation of the merit principle." Docket # 190 p. 4. To support that argument, they furnish, for the first time, a 1983 SIFC Personnel Regulation, Docket # 195-1, which, they say, prescribes a promotion system based on the merit principle.

**Civil Nos. 11-1194 & 11-1087 (SEC)**                                                                                                  **Page 3**

The defendants timely opposed. Docket # 192. They counter that the 1983 Personnel Regulation, which "they never mentioned and . . . was available at the [s]ummary [j]udgment stage," id. at 2, is insufficient to prevail on a motion for reconsideration.

**Standard of Review**

Under Federal Rule of Civil Procedure 59(e), a party may, within 28 days from the entry of judgment, move to alter or to amend the judgment. Although the rule itself does not list the grounds upon which relief may be granted, relief is warranted when "the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations." Global Naps, Inc. V. Verizon New England, Inc., 489 F.3d 13, 25 (1st Cir. 2007). But "[t]he granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly,'" Palmer v. Champion Mortg. 465 F.3d 24, 30 (1stCir. 2006) (citation omitted), as it is "not the venue to . . . advance arguments [one] should have developed prior to judgment." Biltcliffe v. Citimortgage, Inc., No. 14-1043, 2014 WL 6660672, at *4 (1st Cir. Nov. 25, 2014) (quoting Iverson v. City of Boston, 452 F.3d 94, 104 (1st Cir. 2006)). Thus, Rule 59(e) does not "provide a vehicle for a party to undo its own procedural failures." Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997) (quoting Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996)).

**Applicable Law and Analysis**

Plaintiffs' Rule 59(e) motion hinges on a tripartite combination of an alleged manifest error of law, new evidence, and a new argument. Because Plaintiffs fall short of meeting Rule 59(e)'s exacting standard, however, this matter requires little discussion.

To begin, a Rule 59(e) motion is of course "aimed at reconsideration, not initial consideration," Harley Davidson Motor Co. Inc. v. Bank of New England, 897 F.2d 611, 616 (1st Cir. 1990), but Plaintiffs furnish the 1983 Personnel Regulation in support of their "pre-2001" argument for the first time in their Rule 59(e) motion. And because establishing a

connection with the pre-2001 employees was (or should have been) an <u>integral</u> part of Plaintiffs' case, see <u>Cordi-Allen v. Conlon</u>, 494 F.3d 245, 250 (1st Cir. 2007) (holding that "'plaintiffs must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves'") (quoting <u>Clubside, Inc. v. Valentin</u>, 468 F.3d 144, 159 (2nd Cir. 2006)), the Court is hard pressed to accept that the 1983 Personnel Regulation was previously irrelevant. <u>See also</u> <u>Jakobiec v. Merrill Lynch Life Ins. Co.</u>, 711 F.3d 217, 226 (1st Cir. 2013) ("The summary judgment stage is the put up or shut up moment in litigation.") (citation and internal quotation marks omitted)). But a motion for reconsideration precludes a party from "introduc[ing] new evidence or advance arguments that could and <u>should</u> have been presented to the district court prior to judgment." <u>Alicea v. Machete Music</u>, 744 F.3d 773, 781 (1st Cir. 2014) (emphasis added) (quoting <u>Emmanuel v. Int'l Bhd. Of Teamsters, Local Union No. 25</u>, 426 F.3d 416, 422 (1st Cir. 2005)). Plaintiffs' second bite at the apple thus fails.

In all events, and as explained in the opinion, "even if the court were to find Plaintiffs similarly situated in all relevant aspects, there is no evidence that they were treated differently." <u>Ortiz-Santiago</u>, 2014 WL 1230099, at *3; <u>see</u> <u>Rubinovitz v. Rogato</u>, 60 F.3d 906, 910 (1st Cir. 1995) ("Plaintiffs claiming an equal protection violation must first identify and relate specific instances where persons situated similarly in all relevant aspects were treated differently, instances which have the capacity to demonstrate that [plaintiffs] were singled . . . out for unlawful oppression.") (alteration and ellipsis in original; citation and internal quotation marks omitted). And Plaintiffs again neglect grappling with the other element necessary to prevail on a Equal Protection claim. This alone adds to a dispositive argument. Moreover, Plaintiffs' apparent disagreement with that analysis simply does not carry the day under Rule 59(e). <u>See</u>, <u>e.g.</u>, <u>Ofori v. Ruby Tuesday, Inc.</u>, 205 F. App'x 851, 852 (1st Cir. 2006); <u>Cherena v. Coors Brewing Co.</u>, 20 F. Supp. 282, 288 (D.P.R. 1998) (citing <u>Hutchinson v. Staton</u>, 994 F.2d 1076, 1082 (4th Cir. 1993)).

**Civil Nos. 11-1194 & 11-1087 (SEC)**                                                            Page 5

Plaintiffs have another shot in their sling, but their fall-back argument is no more robust. For even if the Court were to evaluate their Rule 59(e) motion under the new evidence prong, Plaintiffs still fail to persuade that the 1983 Personnel Regulation constitutes newly discovered evidence. Cf. Hammonton Inv. & Mortg. Co. v. Morco, Limited, 452 F.2d 119, 122 (7th Cir. 1971) (affirming district court's denial of motion for new trial requesting to offer an existing (not newly discovered after the verdict) proper flight manual). Here, as in Hammonton, the Court cannot see how a personnel regulation, a public document that could (and indeed should) have been obtained, was not previously offered. See Biltcliffe, 2014 WL 6660672, at *12 (concluding, after evaluating affidavits, that they are not new evidence sufficient to warrant Rule 59(e) relief). Worse, Plaintiffs identify not a single reason why the 1983 Personnel Regulation constitutes new evidence. So this issue warrants no further examination.

In sum, because Plaintiffs cannot shoulder their burden of showing that the Court erred as a matter of law or fact, the March 14, 2014 opinion stands.

**Conclusion**

For the reasons stated, Plaintiffs' motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of December, 2014.

                                              *s/ Salvador E. Casellas*
                                              SALVADOR E. CASELLAS
                                              U.S. Senior District Judge